This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38011

**ANTONIO B. GALLEGOS,**

Petitioner-Appellee,

v.

**KRISTIAN PETTINE GALLEGOS,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Maria Eufemia Sanchez-Gange, District Judge**

Antonio B. Gallegos
Santa Fe, NM

Pro Se Appellee

Kristian Pettine Gallegos
Santa Fe, NM

Pro Se Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Respondent, who is self-represented, appeals from an order of protection. We issued a calendar notice proposing to affirm. Respondent has filed a memorandum in opposition. We affirm.

**{2}** Respondent continues to argue that the abuse did not occur, and that the district court should have believed Respondent's version of events. However, we defer to the district court, sitting as fact-finder, to resolve issues of credibility. *See Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (stating that when the district court hears conflicting evidence, "we defer to its determinations of ultimate fact, given that we

lack opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses"). To the extent that Defendant is arguing that she was a victim of a conspiracy, this too was a matter for the fact-finder to resolve, and not an appellate court. Finally, with respect to Petitioner's motion to terminate the order of protection, which was granted by the district court in October 2019, this does not require us to revisit the facts that were presented to the district judge when the order was first issued; to the contrary, the termination of the order of protection merely lends support for the determination that this appeal is now moot. In short, Defendant's memorandum in opposition does not persuade us that our calendar notice was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (stating that "[o]ur courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law").

**{3}**     For the foregoing reasons, we affirm.

**{4}     IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**